# HORN v. FOLEY.

### WILLS; DESCENT; DISTRIBUTION.

1. Where a testatrix devises real estate to her infant grandson, who is also her sole heir, which devise is subject to a void limitation over to pious uses in event of his death before attaining his majority, the infant takes an indefeasible fee simple absolute; and upon his death before attaining his majority, his heirs take the estate to the exclusion of those who would have been the heirs of the testatrix if he had not survived her.
2. Whether the infant in such a case takes by purchase or by descent, *quære.*
3. Personal property which is the subject of a void bequest passes to the next of kin of the testatrix as if she had died intestate.

No. 818.   Submitted June 3, 1898.   Decided June 21, 1898.

HEARING on an appeal by several defendants from a decree construing certain provisions of a last will and testament. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel Maddox* and *Mr. Andrew Y. Bradley* for the appellants :

1. The testatrix having died within one month from the date of the execution of the instrument in question, the devises to charitable uses are void.   Sec. 457, R. S. D. C.

2. A will void in part may be sustained as to those parts which are "conformable to the rules of law, and which can be separated from the residue without doing violence to the testator's general intention."   *Oxley* v. *Lane,* 35 N. Y. 340; *Parks* v. *Lane,* 9 Paige, 107; *Salmon* v. *Stuyvesant,* 16 Wend. 331; *Kane* v. *Gott,* 24 Wend. 664; Red. Wills, Vol. 1, Ch. 10, Sec. 37, par. 7 (4th Ed.).

3. The intent of the testator "must be judged of exclusively by the words of the instrument as applied to the

subject-matter." *Chrystie* v. *Phyle*, 19 N. Y. 344; *Arcularious* v. *Geisnheimer*, 3 Bradf. S. 64. But the court can not re-model the will in order to meet a contingency not in the mind of the testator. *Lapage* v. *McNamara*, 5 Cole (Iowa), 124; *Baptist Asso.* v. *Hart's Exrs.*, 4 Wheat. 1.

4. Unless James Foley, as devisee, took an estate similar both in quality and quantity to that to which he would have been entitled as heir-at-law, he took by purchase and not by descent. 3 Wash. Real Prop.; Ch. 1, Sec. 2, par. 36 (4th Ed.); *Gilpin* v. *Hollingsworth*, 3 Md. 190; *Posey's Lessee* v. *Budd*, 21 Md. 480; *Phillips* v. *Dashiel*, 1 H. & J. 478; *Stilwell* v. *Knapper*, 69 Ind., 565; *Hoover* v. *Gregory*, 10 Yerg. 444; *Medley* v. *Williams*, 7 G. & J. 61; *Mitchell* v. *Williams*, 21 Md. 253.

2. James Foley did not take an estate, as devisee, similar in quality and quantity to that to which he would have been entitled as heir-at-law had the testatrix died intestate; but he took a vested fee liable to be divested upon his failure to attain his majority, which event constituted a condition subsequent. *Hunt's Lessee* v. *Moore*, 14 East, 604; *Bromfield* v. *Crowder*, 4 B. & P. 323; *Doe* v. *Eyre*, 5 C. B. 713; *Robinson* v. *Wood*, 27 L. J. Ch. N. S. 726; *Hurst* v. *Hurst*, 21 Ch. Div. L. R. 276; Theobald on Wills, 401, 402; 1 Jar., Wills, 283; 2 Jar., Wills (5th Ed.), Ch. 17, *546, Sub. 3 *et seq.*; 2 Red., Wills (3d Ed.), Ch. 11, Sec. 16, par. 14 and 18 to 35; *Cowdin* v. *Perry*, 11 Pick. 503; *Richardson* v. *Noyes*, 2 Mass. R. 56; *Edwards* v. *Hammond*, 3 Lev. 132; *Manice* v. *Hammond*, 43 N. Y. 380; *Howell* v. *Mills*, 7 Lans. 193; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Roome, Admr.* v. *Phillips*, 24 N. Y. 463; *Scott* v. *Chamberlayne*, 3 Ves. 302; *Phipps* v. *Ackers*, 9 Cl. & F. 583; *Barker* v. *Lea*, Turn. & Russ. 413; *Whittier* v. *Bembridge*, L. R. 2 Eq. 736; *Phipps* v. *Williams*, 5 Sim. *62.

5. The testatrix, by that clause of her will which is last quoted above, having directed the sale of a certain portion of her property, the main objects for which the proceeds

were directed to be devoted being legitimate, and in no sense charitable, the property so devised must be treated as personalty, and the charitable disposition of the balance being void, it passes to the next of kin of the testatrix, who are the appellants, Horn and Begley. 3 Red., Wills (3d Ed.), Ch. 5, Sec. 18, Par. 5 *et seq.*; 1 Jarm., Wills (6th Ed.), Ch. 19, *547; *Perkins* v. *Coughlan*, 148 Mass. 40; *Peter* v. *Beverly et al.*, 10 Pet. 542; *Craig* v. *Curtis*, 127 N. Y. 523.

A void condition and a void devise over are two entirely different matters. The condition annexed to the estate of James Foley was not rendered impossible of performance by the illegality of the devise over, and was not connected with or dependent upon it in the slightest degree. The attaining of his majority was as valid and important a condition to the perfection of his estate as the performance of any prescribed act of manual labor would have been, and the fact that the devise over was void had no more effect upon his estate than if there had never been any such devise mentioned in the will.

*Mr. Frank T. Browning, Mr. Chas. A. Keigwin, Mr. Geo. E. Hamilton, Mr. M. J. Colbert,* and *Mr. W. H. Sholes* for the appellees:

1. By the terms of the will, the infant took an immediately vested fee. Such is the construction, under general rules, of a devise phrased as this is: adverbs of time relate to the period of the devisees' enjoyment of the estate and not to that of its vesting. *Doe* v. *Considine*, 6 Wall. 458 ; 2 Jarman on Wills, 7, note 6 ; *Boraston's Case*, 3 Coke, 19 ; *Edwards* v. *Hammond*, 3 Lev. 132; *Goodtitle* v. *Whitby*, 1 Burrow, 228; *Doe* v. *Lea*, 3 Term Rep. 41 ; *Doe* v. *Moore*, 14 East, 603 ; *Bromfield* v. *Crowder*, 4 B. & P. 313 ; *Cropley* v. *Cooper*, 19 Wall. 167 ; *Briscoe* v. *Wickliffe*, 6 Dana (Ky.), 161 ; *Roberts* v. *Brinker*, 4 Dana, 570 ; *Gregg* v. *Bethel*, 6 Porter (Ala.), 1 ; *Ill. Land Co.* v. *Bouver*, 75 Ill. 316 ; *Packard* v. *Packard*, 16 Pick. 191 ; *Danforth* v. *Talbot*, 7 B. Mon.

(Ky.), 623; *Scott* v. *Price*, 2 Serg. & R. 59; *Mansfield* v. *Dugard*, 1 Equity Cas. Abr. 195; *Richardson* v. *Penicks*, 1 App. D. C. 261; *Thomas* v. *Wootton*, 4 Har. & McH. 428.

This is so, also, because there is an intermediate disposition of the rents and profits. (Theobald on Wills, 402; 1 Jarman on Wills, 734; *Allan* v. *Vanmeter*, 1 Metc. (Ky.), 264; *Grigsby* v. *Breckinridge*, 12 B. Mon. 632; *Roome* v. *Phillips*, 24 N. Y. 465); and because there is a limitation over (Theobald on Wills, 567, 402; *Bowman* v. *Long*, 23 Ga. 247; *Rivers* v. *Fripp*, 4 Rich. Eq. (S. C.), 278; 2 Redfield on Wills, 224); and because the devise to the infant is of the rents and profits, which is a devise of the land itself. 1 Jarman on Wills, 797; *France's Estate*, 75 Pa. St. 220'; *Reed* v. *Reed*, 9 Mass. 372; *Samson* v. *Randall*, 72 Me. 109; *Casselly* v. *Meyer*, 4 Md. 1; *Parker* v. *Plummer*, Cro. Eliz. 120; *Parmour* v. *Yardley*, Plow. 540.

2. The limitation over being void, the precedent estate in James Foley, the infant, was absolute. 2 Redfield on Wills, 265, 266; *Watkins* v. *Quarles*, 23 Ark. 179. The fact that the limitation over is void does not affect the prior valid devise. *Doe* v. *Aldridge*, 4 T. Rep. 264; *Doe* v. *Welford*, 12 Ad. & Ell. 61; *McArthur* v. *Scott*, 113 U. S. 384; *Church* v. *Grant*, 3 Gray, 142. It is like the case of a void condition subsequent, which leaves the estate in the first taker. 2 Jarman on Wills, 10; *Poor* v. *Mial*, 6 Maddock Ch. 32; *Collett* v. *Collett*, 35 Beavans, 312; *Cheairs* v. *Smith*, 37 Miss. 646; *Barksdale* v. *Elam*, 30 Miss. 694; *Spencer* v. *Dennis*, 8 Gill, 314.

3. The estate given by the will is precisely what the infant would have taken by descent. He is, therefore, held to have been in by descent, and, as the estate came to him through the father, it goes to his heirs on the part of the father. The infant took an estate of inheritance, immediately vested, and absolute because the limitation over was void; he was to enjoy the income during minority and to have complete dominion at the age of twenty-one, which is all that any infant can have. Even supposing that the

devise did not vest the title in the infant, the fee must have descended to him, as the only heir of the testatrix, because there was no place else for it to go. *Craig* v. *Rowland,* 10 App. D. C. 402. The only way in which the testatrix attempted to differentiate the devised estate from that given by the statute of descents was by the limitation over, which being void must be disregarded. The infant was therefore in by descent. 1 Redfield on Wills, 507; *Landic* v. *Sims,* 1 App. D. C. 507. Even a valid limitation over, or an interposited life estate, or a charge upon the estate devised, would not break the descent or make the devised estate one of purchase. *Manbridge* v. *Plummer,* 2 Mylne & K. 93; *Doe* v. *Timins,* 1 B. & Ald. 530; *Emerson* v. *Inchbird,* 1 Ld. Raym. 728; *Allen* v. *Heber,* 1 Wm. Bl. 22; *Hurst* v.*Earl of Winchelsea,* 2 Burrow, 879; *Phillips* v. *Dashiel,* 1 Har. & J. 478; *Ellis* v. *Page,* 7 Cushing, 161.

4. As to the second tract, that devised in the clause to be sold by the executrix, and after the erection of the headstone to be applied to masses, the purpose of the testatrix having failed, the land remains in the hands of the executrix converted into personalty and as such passes to the infant's next of kin. *Peters* v. *Beverly,* 10 Pet. 532.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause comes to us upon appeal from a decree of the Supreme Court of the District of Columbia, with a printed record most admirable in its condensation, yet amply sufficient to show the questions intended to be presented for determination. And we may add that the presentation of the case by counsel, both in their printed briefs and in their oral argument, was equally characterized by clear and cogent conciseness.

The controversy between the parties arises upon the last will and testament of one Mary Foley, and upon a bill in equity filed by the executrix thereof, for the purpose of a judicial construction of some of its provisions. The agreed

statement of facts, made by counsel and constituting the greater part of the record on appeal, is as follows:

The bill in this cause was filed by Mary V. Babbington, executrix of the last will and testament of Mary Foley, deceased, for the purpose of obtaining a judicial construction of said will, those portions of said will which are submitted for construction being as follows:

"I Mary Foley of the city of Washington District of Columbia being of sound and disposing mind and memory and aware of the uncertainty of life do make, ordain, and publish this to be my last will and testament: I appoint Mary V. Babbington of the city of Washington District of Columbia executrix of this my last will and testament. I will that said executrix shall pay all just debts and obligations out of the estate of which I die seized and possessed.

"To my minor grandchild James Foley of the city of Washington, District of Columbia, I give and devise to his sole use and benefit, and that of his heirs and assigns, upon reaching his majority, lot numbered thirty-four (34), in square numbered seven hundred and seventy-four (774), with the improvements thereon in the city of Washington District of Columbia, and a house and lot in Rosedale and Isherwood, a subdivision of said city and District. During the minority of the said James Foley the rents issues and profits derived from the said property shall be devoted to his maintenance and education. Should he die before attaining his majority the said property shall be sold and the proceeds donated for masses for the repose of my own soul and the souls of my deceased relatives, by delivering said sum to the pastor of St. Aloysius church in the city of Washington District of Columbia for the purposes herein specified and to carry into execution this provision. I also will that the unimproved lots in Rosedale and Isherwood in the District of Columbia, of which I die seized and possessed shall be sold at private or public sale at the discretion of

my executrix and the proceeds devoted to the erection of a suitable headstone and other adornment of the family lot in Mount Olivet, the said improvements to be such as my executrix shall, in the exercise of a sound judgment, deem appropriate and advisable. The balance remaining over and above said expenses derived from the sale of said unimproved property shall be donated by the said executrix, or the person who may be charged with carrying out the provisions of this will, for masses for the repose of my own soul and the souls of my deceased relatives. The property herein mentioned will be found duly recorded in the land records of the city and county of Washington District of Columbia."

The testatrix executed the will on the 21st day of January, A. D. 1896, and died the 23d day of the same month and year. James Foley, the devisee, died within six months after the death of the testatrix, being still an infant under the age of two years. He was the only child of Matthew Foley, who was the only child of the testatrix and her husband, James Foley, the elder.

James Foley, the elder, and Matthew Foley, his son, having both died before the testatrix, the parties now before the court are:

Mary E. Foley, the widow of Matthew Foley and mother of the deceased infant, James Foley.

Matthew Foley and Michael Foley, sons of the deceased brother of James Foley, the elder.

Bridget Babbington, the only sister of James Foley, the elder—said Matthew and Michael Foley and Bridget Babbington being the heirs-at-law of James Foley, the infant.

Julia Horn, the only sister of the testatrix.

Catherine Begley, the niece of the testatrix.

The decree of the Supreme Court of the District of Columbia from which the appeal herein is taken is as follows:

"This cause came on to be heard upon the bill, the several answers, and the proof taken under direction of this court before John J. Hamilton, an examiner of this court,

of the will of the late Mary Foley, deceased, and the same having been argued by counsel for the several parties defendant and duly considered by the court, it is this 6th day of April, 1898, adjudged, ordered, and decreed:

"1. That the paper-writing purporting to be the last will and testament of Mary Foley, bearing date the 21st day of January, 1896, and heretofore, on the 6th day of March, 1896, by the Supreme Court of the District of Columbia, holding a special term for orphans' court business, admitted to probate as a testament of personalty, is now, by the authority of this court, admitted to probate as the last will and testament of the said Mary Foley, executed in due form, and valid to pass real estate in the District of Columbia.

" 2. And it is further adjudged, ordered and decreed, that the two several devises of real property made in the same will, so far as they purport and attempt to convey the real estate of the said testatrix to pious uses, are void, it appearing to the court that the said testatrix died within one month after the making of the said will.

" 3. And it is further adjudged, ordered, and decreed that so much of the lot numbered 34, in square numbered 774, and of a part of lots 1 and 2, in block 23 in Rosedale and Isherwood, mentioned in the third clause of said will, as directs the same to be sold and the donations of the proceeds arising therefrom for masses, etc., in the event of the death of the said James Foley, infant grandson of the testatrix, attaining his majority, being void and of no effect, the said testatrix died intestate of the said interest so attempted to be limited after the death, under age, of the said James Foley, and the said interest thereupon descended as on intestacy of the testatrix to the said James Foley, as her sole heir at law, and upon the death of the said testatrix the said property vested in the said James Foley by descent.

" 4. And it is further adjudged, ordered, and decreed that the title to the said interest in the said property upon the death of the said James Foley descended to and became

vested, one-half thereof in the defendant Bridget Babbing-
ton and one-half thereof, in equal moities, in the defendants
Matthew Foley and Michael Foley, as the sole heirs on the
part of father of the said James Foley.

" 5. And it is further adjudged, ordered, and decreed that
the remaining portions of the lots numbered one and two,
in block 23, in Rosedale and Isherwood, shall pass as part
of the personalty of the said testatrix, and be sold by the
executrix and the proceeds applied to the erection of a
headstone, so far as may be needed, for such purposes as
provided in the fourth clause of the said will, and the resi-
due of such proceeds, if any, shall be paid over by the ex-
ecutrix to the defendant Mary E. Foley, mother of the said
James Foley, after the payment of the debts of the said tes-
tatatrix."

Upon this statement of the case, it being conceded by all
the parties that, in consequence of the death of the testatrix
before the lapse of one month from and after the time of the
execution of her will, the devises and bequests for pious uses
became void under the statute (Rev. Stat. for District of
Columbia, Sec. 457), the question arises, to whom does the
estate left by the testatrix go upon the death of the infant
devisee, James Foley? Does it go to the heirs of the infant
or to the heirs of the testatrix? The heirs of the testatrix
are alleged to be her sister, Julia Horn, and her niece,
Catherine Begley. The heirs of the infant are, either his
mother, Mary E. Foley, or his nearest relatives on the pater-
nal side, Matthew Foley and Michael Foley.

Then again, as to the unimproved lots mentioned in the
will, and which were directed to be sold, it is conceded by
all parties that they should be treated as sold and disposed
of as personalty, and therefore should go to the next of kin;
the question is, whether the proceeds of such sale should go
to the next of kin of the testatrix, who are the same as her
heirs above mentioned, or to the next of kin of the infant,
who is his mother, Mary E. Foley.

By its decree the Supreme Court of the District of Columbia adjudged that, as to the improved property—Lot 34, in Square 774, and Lots 1 and 2, in Block 23, in Rosedale and Isherwood—the infant, James Foley, took an estate in fee simple absolute by descent, and not an estate by purchase under the will, and that upon his death this estate devolved upon his heirs-at-law on the side of his father; and that, as to the unimproved property directed to be sold, the proceeds of such sale, after the satisfaction of the charges and claims against them, should be paid to the mother of the deceased infant, as his next of kin.

From this decree the appellants, claiming to be the heirs-at-law and next of kin of the testatrix, and as such entitled to all the property, have appealed.

1. With reference to the portion of the estate of the testatrix which remains as realty, we deem it wholly unnecessary to follow counsel in their argument upon the question whether, under the terms of the will, the deceased infant, James Foley, took a defeasible or an indefeasible estate; and whether we should be guided in our determination of the controversy by the reasoning in the case of *Doe* v. *Eyre*, 5 C. B. 713, 746, or by that in the case of *Brattle Square Church* v. *Grant*, 3 Gray, 142, and other cases cited on behalf of the appellees. As we understand this case, we are dispensed by its special circumstances from the necessity of making any such inquiry.

The limitation over to pious uses, contingent upon the death of the infant before reaching the age of twenty-one years, it is conceded on all sides, is utterly null and void; and therefore it may be regarded as eliminated from the will. We have, then, the case of a testamentary disposition of real estate, according to the theory of the appellants, vesting an immediate fee simple in the beneficiary named in the will, but with a condition of defeasance or condition subsequent, upon the happening of which as claimed, the estate is liable to be wholly divested, but without any limitation

13 Ct. App.—14

whatever of the estate thereafter. The condition of defeasance, assuming that it became operative under the will, becomes so only in favor of the testatrix and her heirs-at-law; and the sole heir-at-law of the testatrix was likewise the sole beneficiary under the will. Whatever of right, title, interest, or estate there was that was not granted by the will remained in the testatrix; and if it was the subject of inheritance, it passed at her death to her heir-at-law, the infant, James Foley. The condition of defeasance, therefore, so far as it operated to divest the infant of the estate under the will, to the same extent operated to vest the estate in him as the heir-at-law. Consequently, for the purpose of the controversy as it is now presented to us, it is wholly immaterial whether the infant, James Foley, took by descent or by purchase; took a fee simple absolute under the will in consequence of the failure of the limitation over, or a fee simple absolute under the statute to direct descents on account of the operation of the condition subsequent, or the failure of the will to become operative at all; for, in any event, in one way or the other, he took all the estate which his grandmother had, and which she could either devise by will or transmit under the laws of inheritance.

Under these circumstances, it was proper to hold that he was in by descent and not by purchase. For if the will gave him a less estate than he would have taken by inheritance, since he was the owner of both, the lesser estate became merged in the greater; and, on the other hand, if the will gave him the same estate that he would have received by inheritance, he is still to be held, in accordance with well known rules of law, to be in as heir and not as devisee.

The vice of the argument on behalf of the appellants is the claim that they are the heirs-at-law of the testatrix, Mary Foley, and that they have inherited something from her. They are not now, and they never were, the heirs-at-law of Mary Foley. At the death of Mary Foley—and it is

only at the time of death that a person can properly be said to have heirs-at-law—her sole and only heir was her infant grandson, James Foley, to the entire exclusion of the appellants and of all other relatives, near or distant. Whatever right or estate there was at that time to be inherited from Mary Foley became vested in that infant, and not in the appellants; and he, who would now claim anything from her by inheritance, must claim by or through the infant. In other words, as the infant survived her, and inherited from her as her sole heir-at-law whatever he did not take under her will, he became a new source of inheritance for all the property which had descended to him from his grandmother.

This, perhaps, may be made to appear more clearly by supposing that the estate given by this will had been given to some third person upon the same or a similar condition subsequent, and not to the infant grandson; and that, during the lifetime of the latter, the contingency arose whereby the estate was divested from the donee of it. Assuming the estate to be a defeasible estate, it is beyond question that it would then have reverted to the infant as the heir-at-law of the testatrix; and if he had died in the meantime, it would go to his heirs-at-law, not to those who would have been the heirs-at-law of the testatrix, if the infant had not survived her. It is elementary law that the matter of inheritance is determined by the conditions existing at the death of the person last seized, not by subsequently arising conditions.

That, therefore, the infant, James Foley, took an indefeasible fee simple absolute, we are very clearly of opinion; and upon his death, it descended under the statute to direct descents to his heirs-at-law. The claimants from him are, or were, on the one side, his mother, the appellee, Mary E. Foley, on the theory that he was in by purchase, and, on the other side, his nearest relatives on the paternal side, on the theory that he was in by descent. The court below by

its decree decided in favor of the latter; and the infant's mother has not appealed from the decree, and must therefore be assumed to have acquiesced in the decision. We are not called upon to review the decree in that regard.

2. In the next place, with reference to the personalty, or the unimproved real estate directed to be converted into personalty, and therefore conceded as proper to be here treated as such, our inquiry is simplified by the concession of all the parties to the cause that the limitation of the residue to pious uses, after the satisfaction of certain specified charges, is null and void. This being so, there was no testamentary disposition of such residue, and as to it the testatrix died intestate, leaving it to be disposed of in accordance with the provisions of the statute of distributions. The right to it became immediately upon her death vested in her next of kin, according to that statute. That next of kin was her infant grandson, and not her sister or niece. The right could not be divested from him by his death, and vested in some other relative of the decedent. On the contrary, it is very clear that the right having become vested and absolute in the infant, devolved upon his death upon his next of kin, who, under the statute, is his mother, the appellee, Mary E. Foley, to whom the decree of the court below awarded it.

We are of opinion that there was no error in the decree of the Supreme Court of the District of Columbia in this cause. That decree will, therefore, be *affirmed, with costs payable out of the funds in the hands of the executrix. And it is so ordered.*